UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN TIRE OF SACRAMENTO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation; and WINGFOOT COMMERCIAL TIRE SYSTEMS, LLC, an Ohio limited liability company,<br><br>Defendants. | No. 2:15-cv-00133-KJM-AC<br><br><br>ORDER |

On April 20, 2015, this court issued an order granting Goodyear Tire & Rubber Company's motion to transfer this case to the Northern District of Ohio. ECF No. 25. The same day, Morgan Tire of Sacramento moved to stay the transfer for thirty days. ECF No. 26. In its entirety, the request reads as follows: "Morgan Tire respectfully requests the stay of transfer of this case, pursuant to Order, filed April 20, 2015, Doc. ID. No. 25 for thirty days." *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there

1

is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* A district court's decision to stay an action is a matter of discretion, although reviewed under a "somewhat less deferential" standard than in "other contexts." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, Morgan Tire has not described the reason for its request and makes no effort to describe any "hardship or inequity" that would result if this action goes forward. Its request is denied.

IT IS SO ORDERED.

DATED:  April 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

2